**SO ORDERED.**

**SIGNED this 09th day of November, 2006.**

                                                                       LARRY E. KELLY
                                        UNITED STATES BANKRUPTCY JUDGE

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § § § | |
| JOSEPH WAYNE CROWLEY AND CANDACE AFTON CROWLEY, | § § § | CASE NO. 06-31000-LEK |
| | § | Chapter 7 |
| Debtors. | § | |

**ORDER GRANTING
DEBTORS' APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE**

     This Chapter 7 case was filed pro se by the Debtors on September 19, 2006. Along with the petition, the Debtors filed an Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments (the "Application"). The court reviewed the Application and entered an Order To Show Cause Why Case Should Not Be Dismissed (the "Show Cause Order"), on the grounds that the Debtors had not provided all of the information necessary for the court to determine whether or not to approve the Application.

     In particular, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which applies to this case, provides expressly for the filing *in forma pauperis* of Chapter 7 cases and established a procedure for doing so, including an Official Form 3B that is

an application for waiver of the filing fee.[1]  *See* 28 USC 1930(f).  The form requires the applicant(s) to either attach Schedules A and B or answer the questions listed therein about their assets.  Because the Debtors in this case had not filed their Schedule A nor answered the questions in the Application, the court ordered that they either file all their Schedules by October 18, 2006, or file a response to the Show Cause Order.

On October 17, the Debtors filed their Schedules A and E, and also filed a new Application, which the court will consider to be an amended Application, superceding and replacing the original Application.  A hearing was held on the Show Cause Order on October 19, 2006, at which time the Debtors informed the court of their recent filings.  The court then took the matter under advisement to review those papers.

As mentioned above, Section 418 of BAPCPA amended 28 U.S.C. § 1930 (effective as of October 17, 2005) to expressly permit Chapter 7 debtors to request that the court grant them *in forma pauperis* status and waive filing fees.  Section 1930(f) now provides:

> (1) Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.
>
> (2) The district court or the bankruptcy court may waive for such debtors other fees prescribed under subsections (b) and (c).
>
> (3) This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors.

---

[1] In particular, the Interim Rules promulgated to implement the changes of the BAPCPA, which were adopted by this court pursuant to Standing Order, included Rule 1006(c) which provides that "[a] voluntary chapter 7 petition filed by an individual shall be accepted for filing if accompanied by the debtor's application requesting a waiver under 28 U.S.C. § 1930(f), prepared as prescribed by the appropriate Official Form."  In another Standing Order signed on November 8, 2005, *discussed infra,* this court adopted Official Form 3B to be used in requesting a waiver.

By Standing Order signed on November 8, 2005, this court adopted the Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "*In Forma Pauperis* Procedures" or the "Procedures").[2]

As § 1930(f) says, to be eligible for a waiver of the filing fee, the Debtors must show that they have "income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and [are] unable to pay that fee in installments." The Procedures

> interpret this statutory language to refer to the poverty guidelines updated periodically in the Federal Register by the U.S. Department of Health and Human Services under the authority of 42 U.S.C. § 9902(2). The phrase "income official poverty line as defined by the Office of Management and Budget" refers to the poverty thresholds set by the Census Bureau. OMB has never issued poverty thresholds or guidelines, but in August 1969, the Bureau of the Budget (the predecessor of OMB) did issue a document designating the Census Bureau poverty thresholds as the federal government's official statistical definition of poverty. Section 673(2) of the Omnibus Budget Reconciliation Act of 1981 (codified in 42 U.S.C. § 9902(2)) requires the Secretary of Health and Human Services to update the poverty guidelines annually. The thresholds are mentioned in that legislative section because they are the starting point from which the poverty guidelines are calculated. The Bureau of Census poverty thresholds are typically used for statistical purposes whereas the DHHS poverty guidelines are used administratively to determine program eligibility.

*In Forma Pauperis* Procedures, Para II.A.1, n.2.

The current figures for the monthly income levels that are 150% of the official poverty guidelines are published at http://www.uscourts.gov/bankruptcycourts/resources.html. According to those figures, for 2006 in Texas, 150% of the official poverty level for a family of three (the Debtors in this case listed one 13 year old daughter as a dependent as of the date the case was filed) was combined monthly income of $2,075.00. The Debtors in this case list combined monthly income (Line 16 of Schedule I) of $1,957.96.[3] Therefore, the court finds,

---

[2] Those Guidelines can be reviewed at:
    http://www.uscourts.gov/bankruptcycourts/jcuguidelines.html.

[3] The Debtors have decreased their gross income by $1000 per month that is apparently deducted from the Debtor's military paycheck as a child support payment. The court notes that

they satisfy the first prong of the test for qualifying for a waiver of the filing fee–i.e., they have "income less than 150 percent of the income official poverty line."

The Debtors must *also* show that they are unable to pay the filing fee in installments.

The filing fee for a Chapter 7 petition is currently $245.00. 28 U.S.C.A. § 1930(a)(1). In addition, there is an administrative fee of $39.00, and a surcharge to pay the trustee of $15.00. *See* 28 U.S.C § 1930(b) ("The Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title."); 28 U.S.C § 1930 Judicial Conference Schedule of Fees, Bankruptcy Court Miscellaneous Fee Schedule, Items 8, 9 ("In all cases filed under title 11, the clerk shall collect from the debtor or the petitioner a miscellaneous administrative fee of $39."and "Upon the filing of a petition under chapter 7 of the Bankruptcy Code, the petitioner shall pay $15 to the clerk of the court for payment to trustees serving in cases as provided in 11 U.S.C. § 330(b)(2)."). As stated above, BAPCPA allows the court, upon a proper showing, to waive not only the filing fee, but also these other fees imposed upon the filing of a Chapter 7 case. 28 U.S.C § 1930(f)(1) ("For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.").

The Procedures state that "the bankruptcy court should consider the totality of the circumstances in determining whether the debtor is unable to pay the fee in installments [and that] Official Form 3B elicits information relevant to this determination." *In Forma Pauperis* Procedures, Para II.A.5. The Debtors' Application–Official Form 3B–shows monthly expenses of $3,012, and *de minimus* cash, a negative balance on their checking account, no real estate owned, and negative equity in one vehicle.[4] The court finds, based on the totality of the

---

they list a 13 year old daughter as a dependent, and if she were the recipient of that child support, it must be added back in. *See In Forma Pauperis* Procedures, Para.II.A.3, n.3 ("The income of any other family member listed on Schedule I as a dependent also is included" in the amount of income to be compared to the federal poverty guidelines). However, this does not appear to be the case here, since the Debtors have responded to the question in Official Form 3B under penalty of perjury by stating that "$0" is the amount of additional income of their dependents.

[4] Several problems exist with the Schedules as filed–for instance: no interests in real estate are listed, but rent is listed as an expense and therefore they must have a leasehold interest

circumstances as reflected by this information, that the Debtors are unable to pay the filing fees in this case in installments.

IT IS, THEREFORE, ORDERED that the Debtors' Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments shall be, and hereby is, GRANTED and the filing fees in this case (including the administrative fee and surcharge) are hereby WAIVED.

# # #

---

in some real property; they list *no* vehicles in their Schedule of personal property, but list debts secured by two vehicles (including a 2006 Ford Explorer) in their Schedule of secured claims and list a car payment of $782/mo. in their Schedule of expenses. Even with these discrepancies, however, the Debtors appear to be significantly "under water."